*Southern District*

No. 69

### ANNA FLYNN McMANUS

v.

### FALL RIVER MUNICIPAL EMPLOYEES CREDIT UNION

Argued: Oct. 10, 1973 - Decided: Feb. 25, 1974

**See: Reporter's Note.**

*Present:* Murphy, P.J., Lee, Covett, JJ.*

Case tried to *Silva, J.* in the Second District Court of Bristol, No. 37782.

**Lee, J.** This is an action in contract brought by Anna Flynn McManus (hereinafter called "McManus") against the Fall River Municipal Employees Credit Union (hereinafter called "Credit Union") to recover a surplus in the hands of the Credit Union after foreclosure of its mortgage on real estate given by McManus to the Credit Union.

The answer and petition for interpleader** of the defendant, Credit Union, set forth that as a result of a foreclosure sale of real estate formerly owned by McManus, it had a surplus of $4,719.93; that two attaching creditors of said McManus made claim for the surplus, and that it was paying the said sum of $4,719.93 into Court.

After the filing of the aforesaid answer and petition for interpleader, the court ordered that notice be given to Anthony Aguiar (hereinafter called "Aguiar") and to the Credit Union, that they appear and maintain claim of the funds presently held by the Clerk of the Second District Court.

---

* Judge Covett had retired from the Appellate Division at the time this Opinion was rendered.

** G.L. c. 231, §40; c. 218, §19.

Aguiar filed an answer claiming the said funds, as did the Credit Union by reason of an attachment made subsequently to the attachment made by Aguiar.

The case was submitted on the following agreed statement of facts:

On February 16, 1971, Aguiar commenced an action in contract in the Second District Court against McManus to recover the amounts due on two promissory notes made by McManus.

On February 18, 1971, Aguiar caused an attachment of the real estate of McManus to be made in the amount of $25,000.00.

On December 17, 1971, Aguiar obtained a judgment against McManus in the amount of $14,676.48 and costs, and on December 21, 1971, Aguiar received from the Second District Court an execution against McManus in the amount of $14,697.58.

On January 7, 1972, Alfred Medeiros, Deputy Sheriff of Bristol County, seized and levied upon all the right, title and interest of McManus in the real estate attached on February 18, 1971.

Thereafter, on the 4th, 11th and the 18th days of March 1972, said Deputy Sheriff caused notice of an execution sale to be published in the Fall River Herald News, and on the first day of February 1972, gave notice of sale to McManus by delivering to her in hand, a true and attested copy of the execution with a copy

of notice of the sale, and on the same day, he posted notice of sale in the Fall River City Hall, Somerset Town Hall and Westport Town Hall.

On March 25, 1972, said Deputy Sheriff sold all the right, title and interest of McManus in the real estate to Aguiar, the highest bidder, for $15,130.00 and executed and delivered to Aguiar a good and sufficient deed of the said right, title and interest. Said deed is recorded in the Fall River District Registry of Deeds in Book 1032, Page 14.

Subsequent to the date of the aforesaid execution sale, Credit Union filed a petition in the Superior Court for a decree authorizing the foreclosure of its mortgage.

The foreclosure sale was held on June 28, 1972 and the property was sold to Aguiar.

The court ordered the Clerk to turn over the funds in his possession to the plaintiff Anna Flynn McManus and the case was reported to us by the trial justice under the provisions of G.L. c. 231, § 108.

The issue in this case is who is entitled to the surplus funds now in the hands of the Clerk of Court.

An examination of this report with its agreed statement of facts reveals a certain vagueness as to the actual filing of the claims for these funds by Aguiar and the Credit Union and whether or not they were perfected to judgment. The accurate detailing of any such pro-

cedure would have been most helpful to this Division.

We are able to ascertain, however, that the Credit Union filed its claim for the funds in question subsequent to Aguiar's attachment and are able to resolve this matter without the delay of remanding this case for further information and clarification.

The order of the lower court in ordering payment to McManus is correct.

Both creditors seeking these surplus funds were wiped out by the foreclosure and/or the sale and execution and return of execution by Aguiar marked *Satisfied in Full.*

This attachment by Aguiar was prior to Credit Union and would have extinguished Credit Union's claim anyway.

There is no information to the contrary in the report in any event, and even though the report is meager concerning the perfection of the claims of the attaching creditors, we conclude that McManus is entitled to these surplus funds.

The order of the trial judge in the District Court is hereby affirmed. **So ordered.**

BRIAN R. COREY
  for Plaintiff
RAYMOND V. PETTINE
ROGER F. SULLIVAN
LEVIN & LEVIN
  for Defendant